UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE COURTS,<br>　　　　　Petitioner,<br>　　v.<br>SUPERIOR COURT,<br>　　　　　Respondent. | Case No. 19-cv-08238-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Docket No. 1 |

Rene Courts, an inmate at the San Francisco County Jail, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition has two big problems that make it necessary for Mr. Courts to file an amended petition. The first problem is that the decision being challenged is not identified. The petition mentions a parole violation finding, some convictions, and states that Mr. Courts is a pretrial

detainee.  Docket No. 1 at 2, 5.  In his amended petition, Mr. Courts must clearly identify the decision he wishes to challenge.

The other problem is that the petition does not allege any violation of Mr. Courts' rights under the Constitution, laws, or treaties of the United States, as is necessary for this Court to be able to entertain his petition.  The space on the petition where the petitioner is directed to write his claims for relief is left blank; several forms, a checklist, and sample pleading paragraphs are attached to the petition, but none state any claim for a violation of Mr. Courts' rights.  Not only does the petition fail to identify the right allegedly violated, the petition fails to allege any facts to show such a violation.  A habeas petitioner must "specify all the grounds for relief available to [him]" and "state the facts supporting each ground."  Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same).  A primary purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted.  *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253); *id.* at 655 (federal habeas petitions "expected to state facts that point to a real possibility of constitutional error").  In his amended petition, Mr. Courts must identify his legal claims and provide a straightforward factual statement showing how those rights under the Constitution, laws, or treaties of the United States were violated.

The petition for writ of habeas corpus is **DISMISSED WITH LEAVE TO AMEND**.  Mr. Courts must file an amended petition curing the deficiencies identified in this order no later than **June 5, 2020**.  The amended petition should have the case caption and case number on the first page and should be clearly marked "Amended Petition."  Petitioner is cautioned that his amended petition must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be

waived if not repled.") Failure to file the amended petition by the deadline will result in the dismissal of the action.

Mr. Courts must pay the $5.00 filing fee or submit a completed *in forma pauperis* application no later than **June 5, 2020**, or this action will be dismissed.

**IT IS SO ORDERED**.

Dated: April 16, 2020

_____
EDWARD M. CHEN
United States District Judge